## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DONNA THOMPSON,

        Plaintiff,

                                      No.     CV 07-1158

vs.

GOLDEN CORRAL CORPORATION, and
JOHN DOE, Manager, a resident of the State
of New Mexico,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand, filed December 14, 2007 (Doc. 13)("Motion"). The Court held a hearing on January 29, 2008. The primary issues are: (i) whether the citizenship of John Doe, now identified as David Kozak, defeats the removability of this action under 28 U.S.C. § 1441(a); (ii) whether Golden Corral's Notice of Removal was defective for not stating Kozak's citizenship; and (iii) whether the Court is free to consider Kozak's citizenship under 28 U.S.C. § 1441(a). Because, under the plain language of 28 U.S.C. §1441(a), the citizenship of defendants sued under fictitious names is disregarded for purposes of removal and because the United States Court of Appeals for the Tenth Circuit has indicated that the Court must follow the language of 28 U.S.C. §1441(a), Kozak's citizenship is properly disregarded in considering whether removal is appropriate under 28 U.S.C. § 1441(a). Because the two remaining parties are diverse, the Court will deny Plaintiff's Motion to Remand.

## FACTUAL BACKGROUND

Plaintiff Donna Thompson commenced this action by filing a complaint in the Third Judicial District of Doña Ana County in the State of New Mexico on June 22, 2007. See Notice of Removal

¶ 1, at 1, filed November 15, 2007 (Doc. 1)("Notice of Removal"), Exhibit 1, Complaint for Personal Injury filed in Thompson v. Golden Corral Corp., No. CV-2007-1370, Third Judicial District Court, Doña Ana County, State of New Mexico ("Complaint").  Golden Corral was served on October 18, 2007.  See Notice of Removal  ¶ 1, at 1.  The only summons the Court could locate is one that was attached as an exhibit to Golden Corral's  Notice of Filing State Court Documents it filed on November 15, 2007.  See (Doc. 2).  That summons is addressed to the registered agent of Golden Corral, but is not endorsed, filed, or filled out.  See id., Exhibit B, Civil Summons at 6-7.

Thompson alleges that, while visiting Defendant Golden Corral Corporation,  on or about October 31, 2004, she entangled her shoe in deteriorated asphalt of Golden Corral's parking lot and fell to the ground.  See Complaint ¶ 5, at 1.  Thompson alleged that Golden Corral is "a foreign corporation with its principal headquartered offices located outside of the State of New Mexico, but doing business inside the State of New Mexico."  Id. ¶ 2, at 1.  Golden Corral admits that it is "a North Carolina corporation with its principal place of business in North Carolina."  Notice of Removal ¶ 3 at 1.  Thompson also alleged that John Doe "is the manager of the local Golden Corral restaurant where this incident arose at the time.  That person is a resident of the State of New Mexico, City of Las Cruces." Complaint ¶ 3, at 1.

The John Doe defendant has been identified through discovery as David Kozak.  See Defendants' Response in Opposition to Plaintiff's Motion to Remand at 3, filed December 28, 2007 (Doc. 14)("Response").  At his deposition, Kozak indicated that he had recently moved to Lafayette, Louisiana.  See Response, Exhibit 1, Deposition of David Kozak  at 6:25-7:7 (taken September 20, 2007)("Kozak Depo.").  Kozak testified that he moved to Las Cruces, New Mexico in 2003 and moved to Louisiana in July of 2007 to run a different Golden Corral restaurant.  See id. at 7:12-23.

## PROCEDURAL HISTORY

Golden Corral removed the action to the district court on November 15, 2007.  See Notice of Removal.  Golden Corral contended that, "[p]ursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names is disregarded for purposes of removal.  Therefore, the citizenship of John Doe is irrelevant."  Notice of Removal ¶ 3, at 1-2.  Golden Corral contended that the Court had diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  See Notice of Removal ¶ 4, at 2.  "Based on information available to [it] at the time of the filing of the Notice of Removal, the value of the matter in controversy exceeds $75,000, exclusive of interest and costs."  Id. ¶ 6, at 2.

On December 14, 2007, Thompson filed a motion to remand.  See Motion.  Thompson notes that "through discovery disclosures made by Golden Corral, and through the services of a private investigator, [she] has just recently obtained information regarding the identity and residence of the manager Defendant."  Id. at 2.  She contends that the John Doe defendant's name "is David Kozak, and that Mr. Kozak was a resident of New Mexico at least until August of 2007."  Id.

Thompson acknowledges the general rule that "citizenship of defendants sued under fictitious names is disregarded for the purposes of diversity jurisdiction at the time of removal."  Id. at 3 (citing Australian Gold, Inc. v. Hatfield, 436 F.3d 1228, 1235 (10th Cir. 2006)).  Thompson contends, however, that the John Doe Defendant "was not fictitious to Defendant Golden Corral."  Id. She explains:

> Golden Corral effectively acknowledged in its Answer that it knew who the manager Defendant was.  Further, in discovery disclosures to [the] Plaintiff, Golden Corral has identified David Kozak as the manager.  Courts have recognized that where the "Doe" defendant is an employee or agent of a named defendant and where the named defendant clearly knows the identity of such agent or employee, the Doe defendant should not be treated as fictitious for purposes of diversity jurisdiction.

-3-

Motion at 4.

Thompson contends that the Court "must inquire into the manager's domicile **both** when the complaint was originally filed and at the time of removal." Motion at 10. Thompson argues that, because Golden Corral did not allege anything regarding John Doe's domicile in its Notice of Removal, the Notice was defective. See Motion at 10-11 (citing Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed.Appx. 775, 777-78 (10th Cir. 2005); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); Firstar Bank, N.A. v. West-Anderson, No. Civ.A. 02-2224-CM, 2003 WL 21313849 (D.Kan. April 22, 2003)). Lastly, Thompson contends that because John Doe is now known to be Kozak and he "was a resident of and had his domicile in New Mexico at least through August of 2007. . . he is nondiverse [and] [s]ince he is nondiverse, [the] Court lacks diversity jurisdiction, and the case should be remanded to state court." Motion at 11.

Thompson contends that she put Golden Corral on notice that Kozak, as manager, would be a named defendant in her action "weeks before the action commenced, and months before Golden Corral was formally served." Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand at 2, filed January 11, 2008 (Doc. 16)("Reply"). Thompson represents that, "in a mailing sent on May 30, 2007, [her] attorney provided Golden Corral's insurance adjuster with a copy of the Complaint for this action which would be filed some three weeks later." Id. Kenneth G. Egan, Thompson's counsel, represents that he attempted to obtain settlement of the dispute by negotiating with Golden Corral's insurance adjuster. See Affidavit of Kenneth Egan ¶ 2, at 1 (taken January 9, 2008)("Egan Aff."). He represents that he promised Golden Corral's insurance adjuster he

> would not serve process on Golden Corral Corporation as long as the settlement negotiations continued. See my letter of May 30, 2007 to Deborah Brennan of Crawford Claims, attached hereto as Exhibit 1. That letter refers to the Complaint as "filed." However, the Complaint was not actually filed until June 22, 2007.

-4-

Egan Aff. ¶ 3, at 1.  Mr. Egan represents that he delayed serving Golden Corral until "[a]fter it became clear that these settlement negotiations would not be fruitful."  Id. ¶ 5, at 2.  Thompson contends that the action commenced, for removal purposes, on June 22, 2007, the date she filed her Complaint.  See Reply at 5.  Thompson argues that, because Kozak was a New Mexico resident on the date the Complaint was filed, there was no complete diversity at the time that her Complaint was filed.  See id.

Thompson notes that Golden Corral acknowledged the commencement of this action in its Notice of Removal as June 22, 2007.  See Notice of Removal ¶ 1, at 1 ("This action was commenced by the filing of a Complaint . . . on June 22, 2007.").  Thompson contends that state law determines when an action is commenced for removal purposes.  See Reply at 3 (citing Easley v. Pettibone Mich. Corp., 990 F.2d 905, 908 (6th Cir. 1993)).

Golden Corral responded to Thompson's motion to remand on December 28, 2007.  See Response.  Golden Corral counters that it has "complied with the applicable requirements for removal under 28 U.S.C. § 1441(a)."  Response at 1.  Golden Corral represents that Kozak "is actually a citizen of the state of Louisiana and thus complete diversity existed at all times material to this case."  Id.  Golden Corral also argues that it is permitted to ignore the citizenship of defendants used under fictitious names for the purposes of removal.  See id. at 2 (citing 28 U.S.C. § 1441(a)).  Golden Corral asserts that the Tenth Circuit does not impose an obligation on the defendant to ascertain the identity of a John Doe defendant to determine that defendant's citizenship or domicile, or to disclose this information to the plaintiff before filing for removal.  See Response at 2.

Golden Corral asserts that complete diversity exists between Thompson and all defendants.

See id. at 3.  Golden Corral notes that, although Thompson filed her suit on June 22, 2007, Golden Corral was not served until October 18, 2007.  See id. at 4.  Golden Corral notes that Kozak was never served, and that, at the time it was served, Kozak was a resident of Louisiana.  See id. "Plaintiff's argument, taken to its logical conclusion would require a Defendant such as Golden Corral to not only ascertain that a lawsuit had been filed against them [sic] despite the absence of service, but also to ascertain the identities and citizenship of any fictitious named defendants and then wait until being served to properly file a notice of removal."  Id.

The Court held a hearing on January 29, 2008.  Golden Corral noted that, if Thompson had named Kozak and served him in June of 2007, then there would have been a New Mexico plaintiff, a New Mexico defendant, and a North Carolina defendant, and it would be unable to remove under § 1441(b).  See Transcript of Hearing at 9:18-22 (taken January 29, 2008)("Tr.") (Rogers).[1]  Golden Corral argued, however, that at the time it removed the action, Kozak's citizenship was disregarded under § 1441(a).  See Tr. at 10:7-10 (Rogers).  Golden Corral contended that it has an affidavit from its insurance adjuster, Debra Brennan, stating that she denied Thompson's claim as of March 6, 2006, and that Thompson's counsel, Mr. Egan, continued to send her documents after that date.  See id. at 28:6-12 (Rogers).

Thompson attempted to distinguish Kozak's situation from "some cases where the fictitious individual literally is a fictitious individual" because "he was a known individual."  Id. at 19:24-20:5 (Egan).  Thompson argued that Kozak, when identified as a John Doe in her Complaint, was not a defendant sued under a fictitious name, but rather "was a defendant who was sued whose name was

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

not known, and there is a big difference." Id. at 20:12-18 (Court & Egan). Thompson contended

that "John Doe" is not a fictitious name, because "[a] fictitious name might be a John Doe manager

. . . without identifying anything more specific than -- of a John Doe sales clerk without identifying

anything more specific where there could be 30 of them." Id. at 21:2-5. Thompson contended that,

because her Complaint identified the John Doe as the manager of Golden Corral who was present

at the time the incident occurred, "[h]e is not a fictitious individual. He was somebody whose name

just was not known." Id. at 21:5-10 (Egan).

After the hearing, both Thompson and Golden Corral submitted supplemental briefing for

the Court's review. Thompson argues that, under Brown v. TranSouth Fin. Corp., 897 F.Supp. 1398

(M.D. Ala. 1995), the court "indicated that for diversity jurisdiction to exist, the fictitious defendant

must have been have been domiciled in another state both on the date when the complaint was filed

and on the date the action was removed." E-mail from Kenneth Egan to the Court (dated February

6, 2008). Golden Corral argues that "28 U.S.C. § 1441(a) was enacted as part of the Judicial

Improvements and Access to Justice Act of 1998" as "a Congressional response to an odd situation

that had arisen in the Ninth Circuit." Letter from Cody R. Rogers to the Court at 1 (dated February

8, 2008)("Ms. Rogers' February 8, 2008 Letter"). Golden Corral contends that "[i]n the Ninth

Circuit . . . precedent existed which prevented the naming of any 'Doe' defendants in federal

diversity actions on the basis that their unknown citizenship destroyed complete diversity of

citizenship." Id. citing Bryant v. Ford Motor Co., 844 F.2d 602 (9th Cir. 1987). Golden Corral

argues that, after the act amending § 1441(a) to its current form, the United States Court of Appeals

for the Ninth Circuit "routinely [held] that the presence of Doe defendants in a plaintiff's complaint

neither defeat[s] diversity jurisdiction nor require[s] a case to be remanded to state court." Ms.

Rogers' February 8, 2008 Letter at 1 (citing <u>Kruso v. Int'l Tel. and Tel. Corp.</u>, 872 F.2d 1416, 1424-25 (9th Cir. 1989)).  Golden Corral argues that the Tenth Circuit took a similar approach as the Ninth Circuit in <u>Australian Gold, Inc. v. Advanced Tech. Sys., Inc.</u>, 436 F.3d 1228 (10th Cir. 2006).  <u>See</u> Ms. Rogers' February 8, 2008 Letter at 2.  "It is clear . . . that the Tenth Circuit interpreted § 1441(a) to extend back to the time of filing of the original complaint in state court for the purposes of analyzing original jurisdiction."  <u>Id.</u> at 2.  Golden Corral asserts that "district courts in the Tenth Circuit routinely ignore the citizenship of John Doe defendants for purposes of original diversity jurisdiction under § 1332."  <u>Id.</u>  Golden Corral characterizes the holding in <u>Brown v. TransSouth Financial Corp.</u> as "an equitable doctrine that would allow plaintiffs in certain circumstances to ignore the plain language of 28 U.S.C. § 1441(a)."  Ms. Rogers' February 8, 2008 Letter at 3.

## LAW REGARDING REMOVAL

Under 28 U.S.C. § 1332(a), a federal district court possesses subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.  <u>See</u> 28 U.S.C. § 1332(a); <u>Johnson v. Rodrigues</u>, 226 F.3d 1103, 1107 (10th Cir.2000).  Diversity between the parties must be complete.  <u>See</u> <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996); <u>Radil v. Sanborn W. Camps, Inc.</u>, 384 F.3d 1220, 1225 (10th Cir. 2004).

If a civil action filed in state court satisfies the requirements for diversity subject-matter jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  <u>See</u> <u>Huffman v. Saul Holdings Ltd. P'ship.</u>, 194 F.3d 1072, 1076 (10th Cir.1999)("'When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal

court.'")(quoting Caterpillar Inc. v. Lewis, 519 U.S. at 68). The plaintiff may thereafter attack removal by filing a motion in federal district court, pursuant to 28 U.S.C. § 1447(c), to remand the case back to state court. See 28 U.S.C. § 1447(c); Caterpillar Inc. v. Lewis, 519 U.S. at 69; Kennedy v. Lubar, 273 F.3d 1293, 1297 (10th Cir.2001)(" Section 1447(c) specifically allows district courts to order remand if there has been a defect in removal procedure, or if it determines, at any time prior to final judgment, that it lacks subject[-]matter jurisdiction.")(internal quotations omitted).

28 U.S.C. § 1447(c) mandates that "[a] motion to remand the case [from federal court to state court] on the basis of any defect other than lack of subject[-]matter jurisdiction must be made within 30 days after the filing of the notice of removal." See Caterpillar Inc. v. Lewis, 519 U.S. at 69 ("This 30-day limit [in section 1447(c)] does not apply, however, to jurisdictional defects."). See Chaara v. Intel Corp., 410 F.Supp.2d 1080, 1087 n.3 (D.N.M. 2005)(Browning, J.) (noting that "[t]he Plaintiffs' motion to remand d[id] not fall within the 30-day requirement of section 1447(c) because it is based on lack of subject-matter jurisdiction, namely lack of diversity jurisdiction.").

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1235 (10th Cir.2005)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941), and United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir.2001)). "[A]ll doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The United States Court of Appeals for the Tenth Circuit has explained that, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mutual Ins. Co.

v. JSSJ Corp., 149 Fed.Appx. 775, 778 (10th Cir. 2005).  "The burden of establishing subject-matter

jurisdiction is on the party asserting jurisdiction."  Montoya v. Chao, 296 F.3d 952, 955 (10th Cir.

2002).

### LAW REGARDING DEFENDANTS SUED UNDER FICTITIOUS NAMES

28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought
> in a State court of which the district courts of the United States have original
> jurisdiction, may be removed by the defendant or the defendants, to the district court
> of the United States for the district and division embracing the place where such
> action is pending. For purposes of removal under this chapter, the citizenship of
> defendants sued under fictitious names shall be disregarded.

Id. (emphasis added).  On November 19, 1988, the Judicial Improvements and Access to Justice Act

of 1988 became law.  See Kruso v. Int'l Tel. and Tele. Corp., 872 F.2d 1416, 1424 (9th Cir. 1989).

Section 1016(a) of that Act amended 28 U.S.C. § 1441(a) by adding the following sentence: "For

purposes of removal under this chapter, the citizenship of defendants sued under fictitious names

shall be disregarded."  Pub. L. 100-702, § 1016(a), 102 Stat. 4642, 4669.

In caselaw from the Supreme Court predating the amendment to 28 U.S.C. § 1441(a), a

federal court lacked jurisdiction over a case where "[t]he petition for removal does not allege the

citizenship of the parties except at the date when it was filed, and it is not shown elsewhere in the

record that [the defendants] were, at the commencement of the action, citizens of a state other than

the one of which the plaintiff was, at that date, a citizen."  Stevens v. Nichols, 130 U.S. 230, 232

(1889).  In Kellam v. Keith, 144 U.S. 568 (1892), an appeal was taken from the circuit court of the

United States for the District of Kansas.  See id. at 569.  A complaint was filed by Keith against

Holliday and Kellan to set aside a sale and conveyance of land.  See id.  Keith began the suit in

Shawnee County of Kansas.  See id.  The complaint was removed to the federal court.  See id.  The

federal court found for Keith and the defendants' subsequent appeal was dismissed.  See id.  Keith's

complaint in state court did not show the citizenship of the parties.  See id.  The removal petition

merely disclosed diverse citizenship at the time it was filed.  See id.  "After removal, the circuit

court ordered the pleadings to be recast, and the plaintiff then filed a bill wherein the parties were

thus described: 'Morrel C. Keith, of North Platte, Neb[raska], and a citizen of the state of Nebraska,

brings this case against Edward P. Kellam, of Topeka, and a citizen of the state of Kansas, and Cyrus

K. Holliday, of Topeka, and a citizen of the state of Kansas."  Id.  The Supreme Court reversed and

remanded to the circuit court with directions to remand the case to state court.  See id. at 570 (citing

Stevens v. Nichols, 130 U.S. at 230).  Thus, removal was improper because the petition itself merely

disclosed diverse citizenship and did not specify the citizenship of the named parties.  Moreover,

more recently, the Supreme Court has held that lack of diversity at the time of removal does not

require dismissal of a case, so long as there is complete diversity at the time of trial and judgment.

In Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004), the Supreme Court noted:

> This Court unanimously held [in Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996)] that
> the lack of complete diversity at the time of removal did not require dismissal of the
> case.   The sum of Caterpillar's jurisdictional analysis was an approving
> acknowledgment of [the plaintiff]'s admission that there was complete diversity, and
> therefore federal subject-matter jurisdiction, at the time of trial and judgment. The
> failure to explain why this solved the problem was not an oversight, because there
> was nothing novel to explain.  The postsettlement dismissal of the
> diversity-destroying defendant cured the jurisdictional defect . . . . [T]he
> less-than-complete diversity which had subsisted throughout the action had been
> converted to complete diversity between the remaining parties to the final judgment.

541 U.S. at 573 (internal quotations and citations omitted).

In Australian Gold, Inc. v. Hatfield, 436 F.3d 1228 (10th Cir. 2006), the "[d]efendants

argue[d] that Plaintiffs' naming of ten alleged co-conspirator 'John Does' in the complaint barred

the removal of [one of the plaintiff's] state-law claim for tortious interference to federal court

because the unknown citizenship of the 'John Does' destroyed complete diversity." Id. at 1235. The Tenth Circuit held "[t]his contention is without merit." Id. The Tenth Circuit began by noting that 28 U.S.C. § 1441(a) provides that, "'[f]or purposes of removal under this chapter, the citizenship of defendants used under fictitious names shall be disregarded.'" Australian Gold, Inc. v. Hatfield, 436 F.3d at 1235 (quoting 28 U.S.C. § 1441(a)). The Tenth Circuit joined the United States Court of Appeals for the Sixth and Seventh Circuits in holding that "the citizenship of 'John Doe' defendants should be disregarded when considering the propriety of removal under 28 U.S.C. §§ 1441(a) and 1332." Australian Gold, Inc. v. Hatfield, 436 F.3d at 1235 (citing Howell ex rel. Goerdt v. Tribune Entm't Co., 106 F.3d 215, 218 (7th Cir. 1997) and Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 948 (6th Cir. 1994)). See Alexander v. Elec. Data Sys. Corp., 13 F.3d at 948 (stating that "[i]t is clear that 'Jane Doe' is a fictitious name; no such real person was ever named, and plaintiff never identified the alleged person . . . . Section 1441(a) compels that this 'named' defendant be disregarded for purposes of diversity jurisdiction."); Casas Office Mach. v. Mita Copystar Am., 42 F.3d 668, 673 (1st Cir. 1994)(noting that "[t]he fictitious defendants . . . [were] properly disregarded under 28 U.S.C. § 1441(a).").

Despite 28 U.S.C. § 1441(a)'s language, some district courts have considered the jurisdiction of fictitiously named defendants if the identity of the fictitiously named defendants is known. In Brown v. Transouth Financial Corp., 897 F.Supp. 1389 (M.D. Ala. 1995), a federal court considered the citizenship of a fictitiously named defendant because, "when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant." 897 F.Supp. at 1401. The court found that a named defendant "knew or should have

known of the fictitious defendant's identity, because [the fictitiously named defendant] was employed by [the named defendant] and acted as [its] agent . . . on the transaction in question." Id. The district court thought it was unfair to force plaintiffs from their chosen state court forum into federal court by a named defendant who was in a position to know the citizenship information of a fictitiously named defendant. See id. at 1401-1402.  The court then considered the citizenship of the fictitiously named defendant at the time the complaint was filed and at the time of removal. See id. at 1402. Because the fictitiously named defendant was domiciled in the same state as the plaintiff on both those dates, the court concluded that complete diversity was lacking and remanded the case to state court.  See id. at 1403.  See Marshall v. CSX Transp. Co., Inc., 916 F.Supp. 1150, 1152 (M.D. Ala. 1995)(noting that some district courts have found that the court should consider the citizenship of a fictitiously named defendant "where a plaintiff's complaint provides a description in such a way that his or her identity cannot reasonably be questioned.").

In Howell v. Circuit City, 330 F.Supp.2d 1314 (M.D. Ala. 2004), the plaintiff asked the court to consider the citizenship of fictitiously named defendants, notwithstanding the language of § 1441(a).  The court declined to do so, noting that Brown v. Transouth Financial Corp. and Marshall v. CSX Transp. Co., Inc. involved cases in which the plaintiff was seeking to add a resident defendant via amendment, and that other cases either pre-dated the 1988 amendment of § 1441(a) or incorrectly relied upon pre-1988 law.  See 330 F.Supp.2d at 1318.

## ANALYSIS

Under the plain language of 28 U.S.C. §1441(a) the citizenship of defendants sued under fictitious names is disregarded for purposes of removal.  Golden Corral's Notice of Removal was thus not defective for failing to indicate Kozak's citizenship.  Moreover, the Tenth Circuit has held

that courts must follow the language of 28 U.S.C. §1441(a), and the Court does not feel free to craft an exception, if such would be reasonable, because Kozak's citizenship is properly disregarded in considering whether there is diversity jurisdiction. Because Mr. Kozak's citizenship is disregarded, there is complete diversity between Thompson and Golden Corral, and the Court has diversity jurisdiction.

**I.     REMAND IS NOT APPROPRIATE BECAUSE THE CITIZENSHIP OF DEFENDANTS SUED UNDER FICTITIOUS NAMES IS DISREGARDED UNDER 28 U.S.C. § 1441(a).**

28 U.S.C. §1441(a) provides: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." Id. (emphasis added). The Tenth Circuit has followed the plain language of 28 U.S.C. §1441(a) and has held "that the citizenship of 'John Doe' defendants should be disregarded when considering the propriety of removal under 28 U.S.C. §§ 1441(a) and 1332." Australian Gold, Inc. v. Hatfield, 436 F.3d at 1235 (emphasis added). Thus, when the plain language of the statute and under controlling Tenth Circuit law, the Court is obligated to disregard the citizenship of John Doe when considering the propriety of removal.

Thompson has attempted to distinguish Kozak from "some cases where the fictitious individual literally is a fictitious individual," because "[Kozak] was a known individual." Tr. at 19:24-20:5 (Egan). 28 U.S.C. §1441(a) does not, however,  speak about "fictitious individuals." Instead, Congress stated that defendants "sued under fictitious names shall be disregarded." 28 U.S.C. §1441(a)(emphasis added).

Kozak was sued under a fictitious name at the time Thompson filed her Complaint. Compare Complaint ¶ 3, at 1 ("The Defendant, John Doe, is the manager of the Golden Corral restaurant where this incident arose at the time.")(emphasis added), with Alexander v. Elec. Data Sys. Corp.,

13 F.3d at 948 (stating that "[i]t is clear that 'Jane Doe' is a fictitious name; no such real person was ever named, and plaintiff never identified the alleged person . . . . Section 1441(a) compels that this 'named' defendant be disregarded for purposes of diversity jurisdiction.")(cited with approval in Australian Gold, Inc. v. Hatfield, 436 F.3d at 1235).  While he may not have been a fictitious person, he was, for all practical purposes, not named in the Complaint for removal purposes.  Because Thompson only identified Kozak as "John Doe" in her Complaint, he was a defendant sued under a fictitious name at the time she filed her Complaint.

Likewise, Kozak was a defendant sued under a fictitious name at the time Golden Corral removed this action.  See Notice of Removal ¶ 3, at 1-2 (stating that, "[p]ursuant to 28 U.S.C. §1441(a), the citizenship of defendants sued under fictitious names is disregarded for purposes of removal.  The citizenship of John Doe is irrelevant.").  Kozak continued to be sued under a fictitious name on November 15, 2007, at the time that Golden Corral removed this action.  See Motion to Amend, filed December 14, 2007 (Doc. 12)(indicating that Thompson moves to amend her Complaint and substitute Mr. Kozak and name him in place of John Doe).  It was not until the case was in federal court that Thompson attempted to name Kozak with a name other than a fictitious name.

Moreover, Supreme Court caselaw is not to the contrary. In caselaw from the Supreme Court predating the amendment to 28 U.S.C. § 1441(a), federal courts lacked jurisdiction where it was not shown in the petition for removal, or elsewhere in the record, that the named parties were diverse. See Stevens v. Nichols, 130 U.S. at 232; Kellam v. Keith, 144 U.S. at 570.  In Stevens v. Nichols, the "[t]he petition for removal does not allege the citizenship of the parties except at the date when it was filed."  130 U.S. at 232.  In Kellam v. Keith, the complaint filed in state court did not disclose

the citizenship of the parties and the petition for removal merely disclosed diverse citizenship at the time it was filed. See 144 U.S. at 570. Unlike the petitions for removal in Stevens v. Nichols and Kellam v. Keith, Golden Corral demonstrated the diversity of the named parties in its Notice of Removal. See Notice of Removal ¶ 3, at 1, filed November 15, 2007 (Doc. 1)(stating that the "Plaintiff is a citizen of New Mexico. Defendant Golden Corral is a North Carolina corporation with its principal place of business in North Carolina."). Moreover, the complaint Thompson filed in state court alleged that she is a resident of New Mexico, and that Golden Coral is "a foreign corporation with its principal headquartered offices located outside of the State of New Mexico." Complaint ¶¶ 1, 2, at 1. Because neither Stevens v. Nichols nor Kellam v. Keith discussed fictitiously named defendants, the Court does not interpret them as in conflict with 28 U.S.C. § 1441(a) or Tenth Circuit caselaw. Moreover, the Supreme Court has later stated that even actual lack of diversity is not fatal, so long as complete diversity exists at the time of trial and judgment. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. at 573 (citing Caterpillar, Inc. v. Lewis, 519 U.S. at 73)(stating "[t]his Court [has] unanimously held that the lack of complete diversity at the time of removal did not require dismissal of the case. The sum of Caterpillar's jurisdictional analysis was an approving acknowledgment of [the plaintiff]'s admission that there was complete diversity, and therefore federal subject-matter jurisdiction, at the time of trial and judgment.").

Kozak was a defendant sued under a fictitious name at both the time that Thompson filed her Complaint in state court and at the time that Golden Corral removed this action. Under the plain language of the statute and under controlling Tenth Circuit caselaw, the Court should disregard Kozak's citizenship. Under the plain language of 28 U.S.C. §1441(a), the Court will disregard Kozak's citizenship.

-16-

**A.      GOLDEN CORRAL'S NOTICE OF REMOVAL WAS NOT DEFECTIVE.**

Thompson contends that, because Golden Corral did not allege anything regarding John Doe's domicile in its Notice of Removal, the Notice was defective, and Golden Corral has not sustained its burden of demonstrating that complete diversity exists. See Motion at 10-11. While "[t]he burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction," Montoya v. Chao, 296 F.3d at 955, under 28 U.S.C. §1441(a), the citizenship of defendants sued under fictitious names is disregarded in determining jurisdiction. Because Kozak was sued under a fictitious name at the time Golden Corral removed the action, Golden Corral properly disregarded his citizenship in its Notice of Removal. Thompson relies upon Stevens v. Nichols, 130 U.S. at 232, and Kellam v. Keith, 144 U.S. at 570 to argue that Golden Corral's Notice of Removal was defective. The Court notes that both Stevens v. Nichols and Kellam v. Keith were decided long before 28 U.S.C. §1441(a) was amended in 1988 to include the prohibition of considering citizenship of defendants sued under fictitious names. Moreover, unlike the defendant in Kellam v. Keith, Golden Corral did not merely assert that there was diversity of citizenship between Thompson and itself in the Notice of Removal; it represented that it is "a North Carolina corporation with its principal place of business in North Carolina" and that "Plaintiff is a citizen of New Mexico." Notice of Removal ¶ 3, at 1-2. Thus, because Kozak's citizenship is disregarded, Golden Corral appropriately alleged diversity of citizenship by specifying its citizenship in a state other than Thompson's citizenship.

**B.      THE COURT WILL NOT CRAFT AN EQUITABLE REMEDY TO THE LIMIT IMPOSED IN 28 U.S.C. § 1441(a).**

Thompson contends that because, Mr. Kozak "was not fictitious to Defendant Golden Corral," Motion at 3, his citizenship should not be disregarded. She explains:

> Golden Corral effectively acknowledged in its Answer that it knew who the manager Defendant was. Further, in discovery disclosures to [the] Plaintiff, Golden Corral has identified David Kozak as the manager. Courts have recognized that where the "Doe" defendant is an employee or agent of a named defendant and where the named defendant clearly knows the identity of such agent or employee, the Doe defendant should not be treated as fictitious for purposes of diversity jurisdiction.

Motion at 4. The Tenth Circuit has joined the Seventh and Sixth Circuit in holding that "the citizenship of 'John Doe' defendants should be disregarded when considering the propriety of removal under 28 U.S.C. §§ 1441(a) and 1332." Australian Gold, Inc. v. Hatfield, 436 F.3d at 1235. Thompson argues that the Court should consider the citizenship of a fictitiously named defendant because, "when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant." Brown v. Transouth Financial Corp., 897 F.Supp. at 1401. Because the Tenth Circuit has precluded courts from disregarding the plain language of 28 U.S.C. § 1441(a), the Court is not free to craft an exception for consideration of Mr. Kozak's citizenship. The Court does not see, as Thompson asserts, a meaningful distinction between a defendant sued under a fictitious name and "a defendant who was sued whose name was not known." Id. at 20:12-18 (Court & Egan).

**IT IS ORDERED** that the Plaintiff's Motion to Remand is denied.

_____
UNITED STATES DISTRICT JUDGE

-18-

*Counsel:*

Kenneth G. Egan
Law Offices of Kenneth G. Egan
Las Cruces, NM

> *Attorneys for the Plaintiff*

Thomas A. Sandenaw, Jr.
Cody R Rogers
Sandenaw & Anderson PC
Las Cruces, NM

> *Attorneys for the Defendant*