**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DONNA THOMPSON,

      Plaintiff,

                                                                                           No.    CIV 07-1158 JB/LAM

vs.

GOLDEN CORRAL CORPORATION, and
JOHN DOE, Manager, a resident of the State of New Mexico,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint, filed December 14, 2007 (Doc. 12)("Motion").  The Court held a hearing on January 29, 2008.  The primary issue is whether the Plaintiff Donna Thompson should be permitted to amend her complaint and name David Kozak in place of John Doe.  For the reasons stated at the hearing, and for reasons stated herein consistent with those already stated, and because the motion is unopposed, the Court will grant Plaintiff's Motion for Leave to File First Amended Complaint.

**FACTUAL BACKGROUND**

Thompson alleges that, while visiting one of Defendant Golden Corral Corporation's restaurants, on or about October 31, 2004, she entangled her shoe in deteriorated asphalt in Golden Corral's parking lot and fell to the ground.  See Exhibit 1, Complaint for Personal Injury filed in Thompson v. Golden Corral Corp. ¶ 5, at 1, No. CV-2007-1370, Third Judicial District Court, Doña Ana County, State of New Mexico ("Complaint").  Thompson alleged that Golden Corral is "a foreign corporation with its principal headquartered offices located outside of the State of New Mexico, but doing business inside the State of New Mexico."  Id. ¶ 2, at 1.  Golden Corral admitted that it is "a North Carolina corporation with its principal place of business in North Carolina."

Notice of Removal ¶ 3 at 1. Thompson also alleged that John Doe "is the manager of the local Golden Corral restaurant where this incident arose at the time. That person is a resident of the State of New Mexico, City of Las Cruces." Complaint ¶ 3, at 1.

The John Doe defendant has been identified through discovery as David Kozak. See Defendants' Response in Opposition to Plaintiff's Motion to Remand at 3, filed December 28, 2007 (Doc. 14)("Response"). At his deposition, Kozak indicated that he had recently moved to Lafayette, Louisiana. See Response, Exhibit 1, Deposition of David Kozak at 6:25-7:7 (taken September 20, 2007) ("Kozak Depo."). Kozak testified that he moved to Las Cruces, New Mexico in 2003 and moved to Louisiana in July of 2007 to run a Golden Corral restaurant. See id. at 7:12-23.

## PROCEDURAL HISTORY

Thompson commenced this action by filing a complaint in the Third Judicial District of Doña Ana County in the State of New Mexico on June 22, 2007. See Notice of Removal ¶ 1, at 1, filed November 15, 2007 (Doc. 1)("Notice of Removal"), Complaint. Golden Corral was served on October 18, 2007. See Notice of Removal ¶ 1, at 1. On December 14, 2007, Thompson moved to file a First Amended Complaint. See Motion.

In her motion, Thompson notes that, in her original complaint, "she identified a co-defendant whose name was not known at the time as 'John Doe[."] John Doe is a real person and has been specifically identified and disclosed through Defendants' Rule 26 disclosures as David Kozak." Id. ¶ 3, at 1. Thompson's motion indicated that Golden Corral was contacted and did not consent to her motion. See id. ¶ 5, at 1. Golden Corral did not, however, file or serve a response to Thompson's motion. See Notice of Completion of Briefing, filed January 11, 2008 (Doc. 15).

The Court held a hearing on January 29, 2008. At the hearing, Thompson noted that the

Golden Corral had sent her a letter indicating that her motion to amend was unopposed. See Transcript of Hearing at 6:5-9 (taken January 29, 2008)("Tr.")(Egan).[1] Ms. Thompson's counsel noted that he learned from Golden Corral's counsel about the letter on the morning of the hearing. See id. at 6:5-7 (Egan).

On April 1, 2008, the Court entered a Memorandum Opinion and Order denying Thompson's motion to remand. See Memorandum Opinion and Order at 18, filed April 1, 2008, (Doc. 34).

### LAW REGARDING CITIZENSHIP

The residence of a party is prima facie evidence of that party's domicile for the purposes of diversity of citizenship. See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994). "Furthermore, it is more than well-settled that a party's citizenship, i.e., his domicile, must be determined as of the moment the plaintiff's complaint is filed, and events either before or after the filing of the complaint will not defeat citizenship." Hassan v. Allen, No. 97-4005, 149 F.3d 1190 (Table), 1998 WL 339996 (10th Cir. June 24, 1998). See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991)(explaining that "the well-established rule [is] that diversity of citizenship is assessed at the time the action is filed. We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

### LAW REGARDING AMENDMENT OF PLEADINGS

"Federal Rule of Civil Procedure 15(a) states that leave to amend 'shall be freely given when justice so requires.'" B.T. ex rel. G.T. v. Santa Fe Pub. Sch., No. CIV-05-1165 JB/RLP, 2007 WL

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

1306814 at * 2 (D.N.M. March 12, 2007)(quoting Fed. R. Civ. P. 15(a)). In accordance with rule 15(a), leave to amend should be granted absent a legitimate reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). The United States Court of Appeals for the Tenth Circuit has emphasized that "[t]he purpose of [rule 15(a) ] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir.2006)(quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir.1982)).

In Farley v. Wal-Mart Stores East, LP, and John Does 1-10, Memorandum Opinion and Order, No. 06-282, filed January 11, 2008 (Doc. 16-5), the Honorable Robert C. Brack, United States District Judge, permitted the plaintiff to amend her complaint and identify non-diverse defendants. See id. at 4-5. Judge Brack noted that "[t]he decision of whether or not to permit joinder of a defendant is committed to the sound discretion of the court." Id. at 4 (citing Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999)).

## **ANALYSIS**

The motion is now unopposed. Leave to amend should be freely given. The Court will grant Thompson's motion to amend her complaint.

**IT IS ORDERED** that the Plaintiff's Motion for Leave to File First Amended Complaint is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth G. Egan
Law Offices of Kenneth G. Egan
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Thomas A. Sandenaw, Jr.
Cody R Rogers
Sandenaw & Anderson PC
Las Cruces, New Mexico

    *Attorneys for the Defendants*